EMBRY, Justice.
The issue on this appeal is the proper construction of a provision in a testamentary trust in the will of Robert Randolph Meyer, deceased. The trust was established primarily for the benefit of the testator’s only son, John E. Meyer. It was terminated on 1 January 1977 by the death of John E. Meyer, who was survived by his three children and two grandchildren. The corpus of the trust was to be distributed according to the following provision:
“Upon the death of my said son, JOHN E. MEYER, leaving any descendant of him then living, the trustees, after first paying the expenses of his last illness and proper burial, shall transfer and pay over to his descendants then living, in equal shares per stirpes, the property then constituting said separate trust estate; PROVIDED, HOWEVER, that if the youngest descendant of my said son then living shall not at said time have attained the age of twenty-one years, then though the share of each descendant in said separate trust estate shall be deemed then to have vested in him or her the trustees shall continue to hold the same in trust for him or her until said youngest descendant shall attain said age of twenty-one years, using and applying for the support, edu *554 cation and comfort of each such descendant such part of the net income from his or her said share of said separate trust estate and of the principal thereof as the trustees deem necessary or desirable for said purposes.”
E. Houston Brown and First National Bank of Birmingham, surviving trustees, brought this action, for construction, to determine whether a per stirpes distribution of the corpus of the trust should include not only the children of John but also his two grandchildren as well. John had no children who pre-deceased him.
The trial court held the clause mandated a distribution which excluded the grandchildren. We affirm.
By guardian ad litem, the grandchildren appeal. They claim the words “descendants then living in equal shares” control, and call for per capita distribution. They contend the testator would have used the words “children then living”' had he meant to exclude his grandchildren. We cannot agree. The word “descendants” is a broad term. It encompasses all offspring or lineal descendants to the most remote degree. Wright v. City of Tuscaloosa, 236 Ala. 374, 182 So. 72 (1938); Black’s Law Dictionary (4th Ed. 1968), p. 530. “Children” are “descendants.” The qualifying phrase “then living” is one of limitation, as is obvious. Among other contingencies which the testator clearly meant to cover was the possibility of his son, John, dying with no living children, but leaving surviving grandchildren or great grandchildren. In this case the testator has gone further and made his intention abundantly clear by adding the limiting phrase “per stirpes” to provide the manner of distribution to living descendants. A devise to “issue” refers to descendants then living and mandates a per stirpes distribution. Reynolds v. Love, 191 Ala. 218, 68 So. 27 (1915). This is equally true of a devise to “descendants.”
The addition of the phrase “in equal shares” does not show an intent to provide for per capita distribution. The words emphasize the manner of distribution to those who receive per stirpes. That is, those in the same generation are to take equal shares. See Lee v. Moxley, 286 Ala. 134, 237 So.2d 656. A statutory example of this limitation is § 43-3-1(1), Code 1975, which mandates a per stirpes distribution, but uses the words “to the children of the intestate, or their descendants, in equal parts.” (emphasis added).
The proper construction of the provision under consideration was given it by the trial court. The per stirpes distribution excludes the grandchildren because their mother, the ancestor through whom they would immediately take, if deceased, is living. See generally, Stallworth v. Stallworth, 29 Ala. 76 (1856). Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.